## MOSES H. BALDWIN *vs.* MARTHA N. BALDWIN.

The amount which the court, under *Sts.* 1851, *c.* 82, § 1, and 1855, *c.* 137, § 6, will requir\
of a husband, to enable his wife to maintain or defend against a libel for divorce, is not
to exceed a reasonable amount for the compensation of counsel and other expenses,
under all the circumstances of the case, without regard to the amount which might prop-
erly be charged, as between counsel and client, by the counsel actually employed.

MOTION by the respondent in a libel for divorce, that the libellant be required to furnish her with sums sufficient to pay the counsel fees and other costs and expenses already incurred by her in the suit, and for the further defence thereof.

*R. A. Chapman,* for the respondent. This is the only means by which the respondent can secure the payment of her counsel fees and expenses. She cannot bind herself for such expenses; *Wilson* v. *Burr,* 25 Wend. 386; nor her husband. *Coffin* v. *Dunham,* 8 Cush. 404.

It is true, that before the *St.* of 1851, *c.* 82, § 1, the court would not make interlocutory orders of this nature; and had intimated an opinion, (without the point having been argued, however,) that, even under that statute, counsel fees would not be allowed. 8 Cush. 405.

But the *St.* of 1851, *c.* 82, § 1, provides that, " in every case of libel filed for divorce, the court may, in its discretion, require the husband to pay into court, during the pendency of such libel, for the use of the wife, such sums of money as may be necessary to enable her to maintain or defend the said libel; and may enforce its orders in the premises, in accordance with the powers and practice of courts of chancery ; " and under *St.* 1855, *c.* 137, § 6, " in causes for divorce depending, the wife shall be entitled to alimony, *pendente lite,* and means to carry on the prosecution or defence, which may exceed the taxable costs, whenever the same shall be just and equitable, according to the principles of the common law, as administered in the ecclesiastical courts." The manifest purpose of these statutes, (notwithstanding some con-fusion, in the last, of legal terms, appropriate to different systems

29 *

of jurisprudence,) is to secure the payment of all counsel fees and expenses of the wife, according to the practice of ecclesiastical courts. Bishop on Mar. & Div. §§ 571, 572, 577. Shelf. Mar. & Div. 533, 589.

*J. Rockwell,* for the libellant. Before the *St.* of 1855, *c.* 137, § 6, the court had no authority to allow counsel fees. *Coffin* v. *Dunham,* 8 Cush. 405. And they are not allowed by the practice of the ecclesiastical courts in England. It is not consistent with public policy to give counsel an interest in carrying on the prosecution or defence of the suit. *Chase* v. *Chase,* 1 Hagg. Eccl. 374. *D'Aguilar* v. *D'Aguilar,* 1 Hagg. Eccl. 787. *Bray* v. *Bray,* 1 Hagg. Eccl. 168. *Peddle* v. *Toller,* 3 Hagg. Eccl. 291.

By the Court. Before the *St.* of 1851, *c.* 82, § 1, we are not aware of any practice to make allowance to the wife pending a libel for divorce ; certainly not of counsel fees. *Coffin* v. *Dunham,* 8 Cush. 405. *Shannon* v. *Shannon,* 2 Gray, 285. That statute gave new powers to the court, which were differently construed by different judges. But now, by the *St.* of 1855, *c.* 137, § 6, the court are clothed with full power to require the husband to supply the wife with means to prosecute or defend the suit; and we can have no doubt that this includes counsel fees. But there is great difficulty in determining the amount to be allowed. The view of the court is, that they cannot enter into the question, as between counsel and client, as to what charges may properly be made by the counsel actually employed; but the respondent is to be allowed a reasonable amount to meet the charges of the suit, including counsel fees.

*Order accordingly.*